JERRY MACKEY, ET AL., *v.* E. B. OWSLEY, ET AL.

**Validity of City Ordinance.**
> An ordinance to be valid must be published as required by charter, and where one's relief depends on an ordinance he must allege in his petition that the ordinance was so published.

**When Debt Becomes Due.**
> The price of digging a well is due when the well is completed and the work accepted by the proper authority, and the guaranty that it will produce a certain amount of water for one year does not have the effect to postpone payment until the end of such year.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 13, 1879.

OPINION BY JUDGE COFER:

We incline to the opinion that the price of digging wells is due when the work is received by the proper authority, and an apportionment is made and warrants issued, unless a different time of payment is agreed upon. The ordinance seems to contemplate that the work shall be received when completed, and the provision that the well shall continue for the space of one year from the time it is received, to furnish five feet of water, was not intended to postpone the time of payment, but to render the contractor liable on his bond

for the cost of making the well, when under his contract and the ordinance it was his duty to make it. Neither the charter nor ordinances nor contract in terms fix the time of payment, and consequently the time of performance on one side is the presumed time for performance on the other. When the well is received, and not till then, the one year during which the contractor guarantees its sufficiency begins to run, and as he is bound upon his bond to make good that guaranty, there seems to be no sufficient reason to postpone payment.

But the petition was fatally defective in failing to allege that the ordinance was published as required by charter.

Wherefore the judgment is *affirmed.*

*Lane & Harrison, for appellants.*

*Young & Boyle, for appellees.*